IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| OMNI AIR INTERNATIONAL, LLC, a Nevada Limited Liability Company, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Case No. 17-CV-163-TCK-JFJ |
| v. | ) ) ) | |
| AUSTIN TECHNIK 1, INC., a Texas Corporation; and BRENDAN DARLING, an individual, | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's Second Motion to Compel Response to Written Discovery and for Sanctions ("Motion to Compel") (ECF No. 36). Defendant Brendan Darling ("Darling"), appearing *pro se*, asserted the Fifth Amendment privilege against self-incrimination rather than respond to Plaintiff's written discovery.

### I. Factual Background

Plaintiff Omni International, LLC ("Omni") is a "privately owned and managed United States FAA Part 121 certificated air carrier providing worldwide passenger charter operations." ECF No. 2, ¶ 6. Defendant Austin Technik 1, Inc. ("AT1") is an aircraft repair shop and warehouse engaged in the business of buying and re-selling surplus aircraft parts. Defendant Brendan Darling ("Darling") is President of AT1. Omni alleges AT1 entered into a business relationship with Omni whereby Omni shipped surplus aircraft parts to AT1 for storage in exchange for receipt of "a fair and reasonable value to be paid upon AT1's ultimate sale" of the parts on the secondary market. *Id.* ¶ 9. Omni allegedly discovered, in February 2017, that AT1 was paying Omni below market value, or nothing at all, for parts AT1 sold on the secondary market. On March 29, 2017, Omni

sued AT1 and Darling for actual fraud, constructive fraud, conversion, breach of fiduciary duty, and unjust enrichment. Omni also alleges that Darling "funneled portions of these ill-gotten gains from the sale of Omni Parts to certain Omni employees located in Tulsa, Oklahoma with whom he worked with most closely in an effort to further conceal the fraudulent scheme." *Id.* ¶ 21.

Upon receipt of Omni's Complaint, Darling entered *pro se* appearances and filed an Answer on behalf of himself and AT1. United States District Judge Terence Kern ruled that Darling could not appear *pro se* on behalf of AT1 and struck the *pro se* Answer filed by Darling on behalf of AT1. The Clerk entered default against AT1, and Omni moved for default judgment. In the Answer, Darling set forth a detailed, nine-page denial of wrongdoing but admitted AT1 still owes Omni $252,000.00. ECF No. 11.

On November 14, 2017, Omni filed a Motion to Compel Darling to respond to its First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents, which was referred to this Court and set for hearing. On November 29, 2017, Darling filed a letter addressed to Judge Kern stating he could not come to Tulsa for a hearing and "would only plead [his] 5th amendment right" and that "I am also pleading my 5th amendment right as of the signing of this letter." ECF No. 28.

The Court conducted a hearing on the Motion to Compel, at which Darling appeared by phone. Following the hearing, the Court entered an Order requiring Darling to respond to Omni's discovery requests by December 19, 2017. The Court further stated:

> In a written notice (ECF No. 28), Mr. Darling stated his intention to plead his Fifth Amendment rights at any hearing and stated that he was asserting his Fifth Amendment rights by signing the letter. This assertion was not discussed by Mr. Darling, or the Court, during the hearing. By ordering Mr. Darling to attend the hearing and in discussing his general obligations to comply with the Federal Rules of Civil Procedure, the Court did not intend to take any position as to whether Mr. Darling may assert his Fifth Amendment privilege during the discovery process. The Court merely intended to advise Mr. Darling that he must respond in some

manner to Plaintiff's discovery requests by December 19, 2017, whether it is to provide substantive responses or to invoke a privilege.

In relation to the Fifth Amendment privilege, the Court cautions Mr. Darling as follows:

(1) If Mr. Darling anticipates being criminally prosecuted in relation to the allegations in this civil lawsuit, he should consult an attorney at the earliest possible time.

(2) A civil litigant may, in certain limited circumstances, invoke the Fifth Amendment privilege during the civil discovery process. If Mr. Darling desires to do so in responding to the discovery requests, he should state the grounds for asserting this privilege and clearly assert the privilege in his written responses due December 19, 2017. Plaintiff will have an opportunity to challenge any assertion of privilege.

(3) If Mr. Darling does assert a Fifth Amendment privilege in response to discovery requests, deposition questioning, or other aspects of discovery, this may have certain adverse consequences in this civil litigation.

ECF No. 31.

By the required date, Darling responded to all of the interrogatories and requests for production of documents with the statement, "I take the fifth amendment." ECF No. 36, Ex. C. Due to what appears to be an oversight, Darling failed to respond at all to Omni's single request for admission, which relates to the amount owed by AT1 to Omni. Omni then filed the Second Motion to Compel, which is currently pending. Omni argues: (1) the Fifth Amendment privilege does not apply because Darling does not face a reasonable fear of prosecution; (2) some discovery requests do not ask for potentially incriminating information and should be answered notwithstanding Darling's assertion of privilege; (3) Defendant waived any Fifth Amendment privilege by filing the narrative Answer; and (4) if permitted to plead the Fifth Amendment, Omni is entitled to "an adverse interest against Darling as the case proceeds." ECF No. 36 at 12. In his response to the Second Motion to Compel, Darling stated:

> I plead the 5th Amendment based on [Omni] accusing me of steeling [sic] millions of dollars worth of parts. If this means I have to take back my answer, then I take it back. I am working manual labor jobs that have caused me to live week to week with no money. I am also going through a divorce, have tax worries due to this lawsuit, and I have nothing to offer. Omni Air International can take a judgement against me if that is what it takes.

ECF No. 39.

## II. Analysis

Omni moves to compel Darling to respond to its discovery requests pursuant to Federal Rule of Civil Procedure 37(a). Omni requests that the Court overrule Darling's assertion of his Fifth Amendment privilege on a global basis or, alternatively, as to specific requests. An order compelling discovery is proper in this case unless the requested information is protected by the Fifth Amendment privilege. *See* Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any non-privileged matter . . . .").

### A. Fifth Amendment Privilege in Civil Proceedings

"The privilege against self-incrimination protects the person claiming it from being compelled to give answers that would in themselves support a conviction or that would furnish a link in the chain of evidence needed to prosecute the claimant for a crime." *United States v. Jones*, 703 F.2d 473, 475 (10th Cir. 1983) (internal quotation marks omitted). "The privilege extends to questions propounded in a civil action, whether the claimant is a party or a witness," and the privilege may be asserted whenever "the witness has reasonable cause to apprehend danger from a direct answer." *Id.* at 475-76. "The fear must be reasonable in light of the witness' specific circumstances, the content of the questions, and the setting in which the questions are asked." *Id.* A court must evaluate each question, and the claim of privilege cannot be sustained if the fear of self-incrimination rests on "remote and speculative possibilities" rather than "real dangers." *Id.*

Once a "court determines that the answers requested would tend to incriminate the witness, it should not attempt to speculate whether the witness will in fact be prosecuted." *Id.* at 478; *see also United States v. Nipper*, 210 F. Supp. 2d 1259, 1262 (N.D. Okla. 2002) ("[C]ourts should not engage in raw speculation as to whether the government will actually prosecute."). "That prosecution is possible is enough absent clear evidence of an absolute bar to prosecution." *Nipper*, 210 F. Supp. 2d at 1262; 8 Charles Alan Wright, et. al, *Federal Practice & Procedure* § 2018 (3d ed. 2014) (explaining that privilege is available "even if the risk of criminal prosecution is remote"). Examples of "absolute bars" to prosecution include an express grant of immunity by prosecutors or the expiration of the relevant statute of limitations. *See generally United States v. Von Behren*, 822 F.3d 1139, 1146 (10th Cir. 2016) (holding that district court erred by assuming an assurance from the government was a substitute for immunity and by speculating that witness would not be prosecuted for answers given during polygraph examination).

Based on Omni's allegations against Darling, there exists a possibility that Darling may be criminally prosecuted for the conduct alleged in the Complaint. The Complaint alleges Darling acted with fraudulent intent and failed to pay Omni for parts. It further alleges Omni shipped "thousands of parts" to AT1 in Texas and that Darling "converted at least dozens of Omni Parts by selling same to third parties without Omni's consent." ECF No. 2 at ¶¶ 29-30. Omni further alleges the existence of a conspiracy between Darling and Omni employees to conceal his fraudulent scheme. This alleged conduct could potentially violate criminal laws. *See, e.g.*, 21 Okla. Stat. § 421 (criminal conspiracy); 21 Okla. Stat. § 1451 (embezzlement); 21 Okla. Stat. §§ 1541.1 and 1541.2 (obtaining property by trick or deception and penalties); 21 Okla. Stat. § 1701 (larceny). Further, the Complaint alleges conduct occurring as late as February 2017, and the relevant statutes of limitations have not expired. Omni argues that it is not aware of any pending

criminal investigation. Nor has Defendant alleged he is the target of any criminal investigation. However, Tenth Circuit law counsels against speculating as to the likelihood of prosecution in determining whether to apply the Fifth Amendment privilege. Therefore, the Court rejects Omni's argument that the Court should compel production on a global basis based on the non-existence and/or unlikelihood of any criminal prosecution.

B. **Consequences of Darling's Narrative Answer**

Where a civil litigant fails to assert the privilege as to particular information in the same proceeding, he may be precluded from later asserting the privilege as to that information or further details regarding that information. *See Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 78 (1st Cir. 2004) (explaining that choices in civil litigation "have consequences" and that, by failing to invoke his Fifth Amendment privilege, the witness "likely waived the privilege with respect to the subject matter of his deposition testimony for the duration of the proceeding in which that testimony was given"); *United States v. Gary*, 74 F.3d 304, 312 (1st Cir. 1996) (explaining, in criminal context, that "[o]nce a witness voluntarily has revealed an incriminating fact, 'the privilege cannot be invoked to avoid disclosure of the details'"); *Wirth v. Taylor*, No. 2:09-CV-127 TS, 2011 WL 222323, at *2 (D. Utah Jan. 21, 2011) (declining to impose stay of civil action due to parallel criminal proceeding because claimant had "already testified in two depositions"). The Tenth Circuit has applied this general "waiver" concept to a *pro se* litigant in deciding whether to stay civil proceedings. *See Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1081 (10th Cir. 2009) (finding that *pro se* litigant waived her right against self-incrimination "with respect to the questions she answered during her deposition").

As explained above, Darling initially filed a narrative, detailed Answer in defense of the Complaint. This level of detail was not required by the Federal Rules of Civil Procedure, and

6

Darling has now stated his desire to assert the Fifth Amendment privilege. Prior to ordering him to respond to discovery, this Court advised Darling that such decision could have adverse consequences in this litigation. Darling appears to understand this possibility because he stated that Omni could "take a judgment" against him in his response to Omni's second motion to compel. The Court declines to find a "waiver" of the Fifth Amendment privilege considering that the voluntary disclosure occurred only one time, and that the Answer was early in the litigation. *Cf. United States v. Sperl*, No. 3:06-0175, 2008 WL 2699402, at *7 (M.D. Tenn. June 30, 2008) (finding that *pro se* defendant in civil case waived her Fifth Amendment right against self-incrimination by filing a detailed Answer, filing a response to a summary judgment motion, and testifying on her own behalf). Therefore, the Court rejects Omni's global argument to compel discovery based on the doctrine of waiver.

    **C.**    **Rulings on Specific Discovery Requests**

Even where a court finds that a possibility of prosecution exists, a witness may not assert a "blanket" Fifth Amendment privilege to avoid a deposition or discovery responses; instead, a court must analyze each individual question to determine whether there exists a danger of incrimination. *See Jones*, 703 F.2d at 475; *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1265 (9th Cir. 2000) ("[I]n a civil case, the Fifth Amendment's protections against self-incrimination are invoked on a question-by-question basis . . . ."); *Thomas v. Tyler*, 841 F. Supp. 1119, 1125-27 (D. Kan. 1993) (analyzing individual discovery requests in civil case to determine if danger of incrimination exists). The Tenth Circuit has explained that "not much is required to show an individual faces some authentic danger of self-incrimination" and that the privilege extends to "admissions that may only tend to incriminate." *Von Behren*, 822 F.3d at 1144. "The trial judge in appraising the claim must be governed as much by his personal perception of the

peculiarities of the case as by the facts actually in evidence." *Hoffman v. United States*, 341 U.S. 479, 487 (1951).

The Court has reviewed each discovery request and considered the limited facts known at this stage. The Court issues the following rulings.

### 1. Interrogatories

Darling is ordered to provide answers to the following interrogatories:

- Interrogatory No. 10: Identify each and every officer and director of Austin Technik at any point since January 2011.

- Interrogatory No. 17: Identify each and every lawsuit in which you have ever been a party, specifically including without limitation the following information: (1) name of the court in which the lawsuit was filed, (2) case number, (3) name of all parties to the lawsuit, and (4) a brief description of your involvement in the lawsuit.

- Interrogatory No. 19: Identify every crime in relation to which you have ever been: (1) convicted, (2) pled guilty, or (3) pled no contest. For each such crime, identify the name of the court and the year in which you were convicted or entered your plea.

These interrogatories do not seek any information directly related to the allegations of wrongdoing in the Complaint or that could tend to prove criminal wrongdoing. The Court finds Darling "does not have reasonable cause to apprehend danger from a direct answer" to these questions. *Jones*, 703 F.2d at 476.

Darling is not ordered to respond to the remaining interrogatories. Interrogatories Nos. 1-9, 11-13, 14-16, and 20-22 require Darling to provide testimonial responses that could potentially be incriminating as to the crimes identified above, either directly or as a link in the chain of

evidence. Darling's *pro se* status and Omni's broad allegations of fraud, conversion, and conspiracy weigh in favor a liberal application of Darling's Fifth Amendment right against self-incrimination with respect to these interrogatories.

Darling is not ordered to respond to Interrogatory No. 18, which asks Darling to "[i]dentify any current or former practicing attorney with whom you have consulted in relation to this lawsuit." This information is not relevant, and any conversations that Darling may have had with an attorney about this litigation are privileged. Darling is not ordered to answer Interrogatory No. 23 regarding expert witnesses. Omni filed a motion requesting that the parties be relieved of the obligation to obtain expert witnesses, and the Court granted that motion. *See* ECF Nos. 26, 27.

### 2. Request for Admission

Omni's discovery requests include a single request for admission: "Admit that Austin Technik 1, Inc. ('Austin Technik') owes Omni at least $252,000.00." Although Darling did not respond or assert the Fifth Amendment as to this request, this appears to be due to inadvertence rather than a purposeful decision by Darling. The Court will therefore permit Darling, if desired, to plead the Fifth Amendment to this request and will not deem it confessed. Although Darling contends he has an innocent explanation for AT1 owing Omni a balance of $252,000.00, this admission could tend to be incriminating if Omni's allegations are proven.

### 3. Requests for Production

Darling's assertion of the Fifth Amendment privilege to Omni's Requests for Production must be approached with greater skepticism because the Fifth Amendment only protects "compelled incriminating communications . . . that are 'testimonial' in character." *United States v. Hubbell*, 530 U.S. 27, 34 (2000). "[A] person may be required to produce specific *documents* even though they contain incriminating assertions of fact or belief because the creation of those

9

documents was not 'compelled' within the meaning of the privilege." *Id.* at 35-36 (emphasis added). Where papers are "voluntarily prepared" prior to the request for production, they cannot be "said to contain compelled testimonial evidence." *Id.* This general rule gives way, however, when the act of production is itself incriminating – such as where the witness would be admitting the papers existed, were in the witness's possession or control, or were authentic. *Id.* at 37; *see also Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 498 (D. Kan. 1998) ("[T]he privilege against self-incrimination does not protect one from producing documents, unless the act of production itself could operate to incriminate the producer.").

The "collective entity rule" is also relevant to Omni's requests for production because Darling asserts the privilege as to any responsive documents, including any corporate records of AT1 in his custody. Under the collective entity rule, "an individual may not invoke the Fifth Amendment privilege to avoid producing the documents of a corporation or other collective entity that are in his custody, *even if his act of producing those documents might be personally incriminating*." *Thomas*, 841 F. Supp. at 1128 (emphasis added); *see also Starlight Int'l, Inc.* 181 F.R.D. at 498 ("An individual, moreover, may not invoke the Fifth Amendment privilege to avoid producing the documents of a corporation or other collective entity that are in his custody, even if his act of producing those documents might be personally incriminating."); *Minneapolis Firefighter's Relief, Ass'n v. Medtronic, Inc.*, No. 08-6324 PAM/JAB, 2011 WL 6957556, at *2 (D. Minn. Dec. 30, 2011) ("Normally a corporate representative or agent cannot claim a fifth amendment privilege against producing corporate documents, regardless of whether they contain information incriminating him [or her] or were written by him [or her], and regardless of whether the corporation is large or small.") (applying rule to individual witness served with subpoena in civil case).

In this case, application of these rules is complicated by Darling's *pro se* status, Darling's failure to produce a privilege log, and the default status of the corporate Defendant. The Court concludes: (1) to the extent Omni requests corporate records of AT1 held in the custody of Darling, all documents must be produced pursuant to the "collective entity" rule explained above because Darling holds the records in a representative capacity for AT1, *see Tyler*, 841 F. Supp. at 1130 (explaining that corporate records are generally held in custodial capacity, not private capacity); (2) to the extent Omni requests personal documents or records of Darling, all documents must be produced because Darling failed to meet his burden of demonstrating that any "act of production" will itself be incriminating, *see Starlight Int'l, Inc.*, 181 F.R.D. at 498 (party asserting privilege must "adequately demonstrate the applicability of the privilege against self-incrimination to each . . . request for production"). Darling failed to explain what (if any) responsive documents are in his possession or how the act of producing such documents could incriminate him in a future criminal prosecution related to the allegations in the Complaint. Therefore, Darling is ordered to respond to the requests for production.

Darling is not ordered to respond to Requests for Production Nos. 5, 7, and 15. These requests for production are moot because the Court has determined that Darling has properly asserted his Fifth Amendment right in response to the Interrogatories referenced in these requests for productions.

### D. Adverse Inference

The Court will not address the issue of what adverse inferences, if any, shall be drawn from Defendant's invocation of the Fifth Amendment privilege. This issue is better addressed in relation to a specific request by Omni at later stages of the proceedings. *See generally* 8 Charles Alan

Wright, et. al, *Federal Practice & Procedure* § 2018 (3d ed. 2014) (explaining possible adverse findings imposed at summary judgment or trial stage).

**III.     Conclusion**

Omni's Second Motion to Compel Response to Written Discovery and for Sanctions (ECF No. 36) is GRANTED IN PART and DENIED IN PART.  Darling is ORDERED to provide responses to Interrogatories Nos. 10, 17, and 19.  Darling is ORDERED to produce documents responsive to all Requests for Production except Nos. 5, 7, and 15.  Darling shall produce these documents to Omni no later than ten days from the date of this Order, or by April 23, 2018.

Darling may assert the Fifth Amendment privilege to all other discovery requests.  Omni's request to have its single Request for Admission deemed admitted is DENIED, and Darling shall be permitted to assert the Fifth Amendment privilege, if desired, with respect to this request.

All other requested relief is DENIED.

Omni's Motion for Hearing (ECF No. 45) is DENIED AS MOOT.

SO ORDERED this 11th day of April, 2018.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**